UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:    Chapter 13

Leonard Johnson,    Case No. 24-51353

Hon. Lisa S. Gretchko

Debtor.

_____/

# OPINION REGARDING MR. WASHINGTON'S OBJECTION TO PROPOSED ORDER IMPOSING SANCTIONS PURSUANT TO 28 USC § 1927

## *Introduction*

It is unusual for this Court to issue a written opinion regarding an objection to a proposed order. However, on June 10, 2025, Mr. Washington filed an appeal of the Order Confirming Chapter 13 Plan in Leonard Johnson's bankruptcy case; that appeal has been designated as Case No. 2:25-cv-11756 and assigned to U.S. District Judge Susan K. DeClercq. The original, amended, and second amended Designations of Items to be Included in Record on Appeal (filed at ECF Nos. 106, 118, and 121 in this bankruptcy case) include, *inter alia,* transcripts of hearings held in this Court on April 10, 2025 (relating to a claim objection) and June 5, 2025 (relating to a motion for sanctions), and this Court's oral bench opinions delivered at those hearings.

On June 26, 2025, this Court held a hearing regarding Mr. Washington's objection to entry of the proposed order memorializing the Court's imposition of sanctions against him. At that hearing, counsel for the party in whose favor the sanctions were awarded (River Park Place Condominium Association) stated that his client might file a cross-appeal, seeking sanctions in excess of the amount that this Court awarded.

After the June 26, 2025 hearing, the parties were given a brief time to explore the prospect of mediation. This Court scheduled a telephonic status conference for July 1, 2025, to further discuss the possibility of mediation.

1

During the July 1, 2025 status conference, Mr. Washington stated that he did not wish to participate in mediation, and counsel for River Park Place Condominium Association made an oral motion for costs (under E.D. Mich. LBR 9021-1(b)), claiming that Mr. Washington unreasonably withheld his consent to entry of an order awarding sanctions. This Court denied that oral motion, for the reasons stated on the record at the July 1, 2025 status conference.

Against the foregoing procedural backdrop, this Court writes this opinion to assist the District Court in its work on the pending appeal, and to satisfy Mr. Washington's request[1] for specific findings.

### *Jurisdiction*

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and E.D. Mich. L.R. 83.50(a). The matters described in this opinion are core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

Mr. Washington's June 10, 2025 Notice of Appeal regarding this Court's order confirming Leonard Johnson's Chapter 13 Plan does not divest this Court of jurisdiction to issue this opinion (and enter an order pursuant to this opinion) because: (i) this opinion memorializes this Court's oral bench rulings from hearings conducted on April 10, 2025 and June 5, 2025—*before* the notice of appeal was filed, and (ii) this opinion does not affect or modify the order confirming Leonard Johnson's Chapter 13 Plan, which is currently the only order that has been appealed.

### *Facts*

**A.     State Court Litigation and the State Court Judgment**

After years of state court litigation ("State Court Litigation") between River Park Place Condominium Association ("Association") as Plaintiff and Leonard Johnson and Rahjinah Johnson as Defendants, the parties appeared for a bench trial on April 8, 2024, and advised the Wayne County Circuit Court (Judge Ewell) that they had reached a settlement. The settlement was placed on the record in the Wayne County Circuit Court on April 8, 2024. A copy of the transcript ("Transcript") of that April 8, 2024 settlement on the record was filed with this Court at ECF No. 43-3. The Transcript reflects that Mr. Washington (as counsel for Leonard Johnson and

---

[1] This request was contained in Mr. Washington's objection (ECF No. 96) to entry of the order imposing sanctions against him.

Rahjinah Johnson in the State Court Litigation) placed the terms of the settlement on the record as follows:

> MR. WASHINGTON: Judge, we have agreed that the parties will agree to a judgment in, in the amount of $200,000 and that the judgment can be entered today….

The Transcript further reflects that Leonard Johnson and Rahjinah Johnson were both present when the terms of the settlement were placed on the record, and each of them agreed to those terms. The Transcript also demonstrates that the Association's counsel (Mr. Neuman) asked:

> MR. NEUMAN: And just one, one question for each of you.
>
> You understand that a judgment will be entered today in the amount of $200,000.

Leonard Johnson and Rahjinah Johnson each answered "yes" in response to Mr. Neuman's question.

On April 9, 2024, the Wayne County Circuit Court (Judge Ewell) entered a Judgment ("State Court Judgment") "against Rahjinah Johnson and Leonard Johnson in the amount of $200,000, which is inclusive of damages, interest and costs through April 8, 2024." A copy of the State Court Judgment is attached to the Association's proof of claim ("Claim") in this Chapter 13 case. The State Court Judgment recites that it will earn interest at the statutory rate (Claim, p. 5).

On or about April 29, 2024, Leonard Johnson and Rahjinah Johnson filed a Motion for Reconsideration/Clarification of the State Court Judgment ("State Court Motion for Reconsideration/Clarification"). A copy of the State Court Motion for Reconsideration/Clarification was not filed with this Bankruptcy Court but is referenced at ECF No. 43-5, p. 2.

On or about May 13, 2024, Leonard Johnson and Rahjinah Johnson filed a Motion to Compel Plaintiffs to Enter a Satisfaction of Judgment Based on the Bylaws Indemnification Article I, §6 and Pursuant to MCL 450.2564 c, et seq and MCR 2.620(3) ("State Court Motion to Compel the Entry of a Satisfaction of Judgment"). A copy of the State Court Motion to Compel the Entry of a Satisfaction of Judgment was not filed with this Bankruptcy Court but is referenced at ECF No. 43-5, p. 8.

3

On September 30, 2024, the Wayne County Circuit Court (Judge Ewell) entered an Opinion and Order denying both the State Court Motion for Reconsideration/Clarification and the State Court Motion to Compel the Entry of a Satisfaction of Judgment. A copy of Judge Ewell's September 30, 2024 Opinion and Order was filed with this Bankruptcy Court at ECF No. 43-5. Specifically, Judge Ewell found that:

(1) The Transcript reflects that counsel for the Association specifically asked Rahjinah Johnson and Leonard Johnson if they understood that *a judgment for $200,000.00 would be entered against them* and they each said "yes" (ECF No. 43-5, p. 6-7).

(2) The State Court Judgment accurately reflects the settlement Leonard Johnson agreed to at the April 8, 2024 hearing (ECF No. 43-5, p. 7).

(3) The State Court Judgment was entered in compliance with Michigan law (ECF No. 43-5, p. 7-8).

(4) "[S]ince the only settlement terms on the record were that a Judgment would be entered for $200,000.00 against Leonard Johnson and a Judgment would be entered for $200,000.00 against Rahjinah Johnson, without reservation of any of Defendants' alleged rights to seek indemnity under the Plaintiff's Bylaws or otherwise, and since the Defendants have not provided the Court with the documentation evidencing their payment of the Judgment, the Defendants' Motion to Compel Plaintiff's Entry of a Satisfaction of Judgment is unwarranted" (ECF No. 43-5, p. 9).

### B.  Post-Judgment Skirmishes and the Association's Judgment Lien

Post-judgment skirmishes continued in the Michigan state courts. On November 20, 2024, the Association recorded a Notice of Judgment Lien against Leonard Johnson with the Wayne County Register of Deeds. A copy of this Notice of Judgment Lien is attached to the Claim.

### C.  Leonard Johnson Files Chapter 13 Bankruptcy Case 24-51353 and Rahjinah Johnson Files Chapter 13 Bankruptcy Case 24-51360

On December 2, 2024, Leonard Johnson filed this voluntary Chapter 13 case; Mr. Parker is his bankruptcy counsel. Rahjinah Johnson also filed a voluntary Chapter 13 case (Case No. 24-51360) on December 2, 2024, and Mr. Parker is her bankruptcy counsel.

Mr. Washington does not represent either Leonard Johnson or Rahjinah Johnson in their respective Chapter 13 bankruptcy cases.

On December 30, 2024, Leonard Johnson filed his bankruptcy schedules ("Initial Schedules"; ECF No. 23). Initial Schedules A/B do *not* disclose any claims against third parties. Initial Schedule D lists the Association as a "disputed" secured creditor in the amount of $214,000.00 and lists Leonard Johnson's home (at 3140 E. Lafayette St., Detroit, Michigan) as collateral for the Claim.

On December 4, 2024, the Court issued its "Notice of Chapter 13 Case" (ECF No. 7) which established February 10, 2025 as the deadline for all creditors to file a proof of claim (except governmental creditors, for which the claim filing deadline was June 2, 2025).

On December 30, 2024, Leonard Johnson filed his Chapter 13 Plan (ECF No. 24). The Plan treats the Association's judicial lien in Class 3.2, which recites: "Class 3.2 Judicial Liens and Non-Possessory, Non-Purchase Money Liens to be Avoided. 11 U.S.C. § 522(f)." During a March 27, 2025 hearing in this case, counsel for the Association acknowledged that the Association's judicial lien was being avoided under Leonard Johnson's Plan, and that the Association's Claim would be treated as an unsecured claim.[2]

On January 23, 2025, the Association timely filed its Claim. The Claim is in the amount of $205,651.67 and recites that it is based on the State Court Judgment, plus interest (Claim, p. 2). The Claim attaches, among other things, a copy of the State Court Judgment and the Notice of Judgment Lien.

On February 5, 2025, which was 5 days before the claims bar date, Mr. Washington filed an appearance in this Chapter 13 case (ECF No. 35). However, he never filed a proof of claim. His failure to file a proof of claim in this Chapter 13 case means that Mr. Washington is not eligible to receive any distribution in this case and has no pecuniary interest in Leonard Johnson's bankruptcy case.

On April 3, 2025, Leonard Johnson filed *amended* Schedules A/B ("Amended Schedules A/B"; ECF No. 59) which disclosed a "Possible Legal Malpractice case against Attorney Jimmie Washington" (ECF No. 59-1, p. 8). Because Mr. Washington had filed an appearance in Leonard Johnson's bankruptcy case on

---

[2] An Amended Plan was filed on April 3, 2025, providing for the same treatment of the Association's judgment lien (ECF No. 57, p. 3).

February 5, 2025, he (Mr. Washington) received electronic notice of the Amended Schedules A/B as soon as they were filed with this Bankruptcy Court.

### D.   Mr. Washington Files an Objection to the Association's Claim

Even though Mr. Washington: (i) does not represent Leonard Johnson in this Chapter 13 case, and (ii) did not file a proof of claim and, consequently, has no "stake" or pecuniary interest in Leonard Johnson's bankruptcy case, on February 25, 2025, Mr. Washington filed an objection to the Association's Claim ("Claim Objection"; ECF No. 41).

In the Claim Objection, Mr. Washington alleged that there was some sort of "wrongdoing" in the State Court Litigation surrounding the State Court Judgment and the judgment lien. In other words, the Claim Objection sought to "relitigate" Mr. Washington's problems with the State Court Litigation—even though he raised them in the State Court Litigation, and, on September 30, 2024, Wayne County Circuit Court Judge Ewell denied the State Court Motion for Reconsideration/Clarification and the State Court Motion to Compel the Entry of a Satisfaction of Judgment.

On March 18, 2025, the Association filed a response to the Claim Objection ("Response"; ECF No. 43). The Chapter 13 Trustee also filed a response to the Claim Objection (ECF No. 47).[3]

### E.   April 10, 2025 Bankruptcy Court Hearing on the Claim Objection

On April 10, 2025, the Court held a hearing on the Claim Objection; that hearing lasted approximately one hour. During this hearing on the Claim Objection, Mr. Washington admitted that:

(1)   He has never represented Leonard Johnson in this bankruptcy case.

(2)   He had not been retained by Leonard Johnson to file the Claim Objection.

---

[3] On April 1, 2025, Mr. Washington filed a 57-page document purporting to be a Reply in support of the Claim Objection (ECF No. 54). Because E.D. Mich. LBR 9014-1(f) limits the length of a reply (or reply brief) to 7 pages (including footnotes and signatures), this document was stricken as violative of the rules of this Bankruptcy Court.

(3) Although he filed an appearance in this bankruptcy case before the claims bar date, he failed to file a timely proof of claim.

(4) He does not have a pecuniary interest in Leonard Johnson's bankruptcy case.

(5) He understands that the *Rooker-Feldman* doctrine means that this Bankruptcy Court (as a lower federal court) lacks jurisdiction to entertain or re-litigate issues that were litigated in the State Court Litigation.

At the conclusion of the April 10, 2025 hearing, this Court issued its oral bench ruling that denied/overruled the Claim Objection, for the following reasons that were stated on the record:

(1) The *Rooker-Feldman* doctrine is well settled and stands for the proposition that lower federal courts lack subject matter jurisdiction to sit in appellate review of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *In re Lindsay*, 2021 WL 278317, at *4 (Bankr. S.D.N.Y. Jan. 27, 2021).

Consequently, because the Claim Objection seeks to have this Bankruptcy Court review and/or reject the State Court Judgment by raising "issues" or "defects" within the State Court Litigation, this Court lacks jurisdiction to litigate (or relitigate) them, even though they are now "packaged" in the form of the Claim Objection.

(2) The Claim Objection recites "NOW COMES, Defense Counsel for Debtors, Rahjinah Johnson and Leonard Johnson (non-related) ("Debtors"), Jim Washington (P42503) relating to…" the State Court Litigation (ECF No. 41, p. 1).

However, Mr. Washington is not counsel for Leonard Johnson in this bankruptcy case. Neither Leonard Johnson, nor Leonard Johnson's bankruptcy counsel Mr. Parker, *nor Mr. Washington,* has ever filed an application for Leonard Johnson to employ Mr. Washington as counsel (or even "special counsel") in this Chapter 13 case. Consequently, the Claim Objection that Mr. Washington filed was not being pursued on behalf of Leonard Johnson.

(3) Even if the Court did not lack jurisdiction to relitigate the State Court Judgment, Mr. Washington lacked standing to pursue the Claim Objection on his own behalf, because he is not a party in interest in this Chapter 13 bankruptcy case.

11 U.S.C. § 1109(b) defines the term "party in interest" to include "the debtor, the trustee, a creditors' committee, an equity security holders' committee, <u>a creditor</u>…" and several other categories. However, § 1109(b) does not apply in Chapter 13 cases. 11 U.S.C. § 103(g) provides that § 1109 (which is within subchapter I of Chapter 11) only applies to Chapter 11 cases.

*Even if* § 1109(b) applied in this Chapter 13 case (which it does not), Mr. Washington is not a party in interest because he did not timely file a proof of claim and, therefore, he is not a creditor in this Chapter 13 case and he has admitted that he has no pecuniary interest in this case.

In a Chapter 13 case, the time to file a proof of claim is governed by Fed.R.Bankr.P. 3002(c), which requires that the claim be filed within 70 days after the order for relief (which, in this Chapter 13 case, was the date Leonard Johnson filed his bankruptcy petition). The claims bar date is a "hard deadline." Fed.R.Bankr.P. 9006(b)(3) prohibits this Court from extending the deadline(s) in Rule 3002(c) *except* on the conditions set forth in Rule 3002(c) itself.

Although Fed.R.Bankr.P. 3002(c)(7) permits a creditor to file a motion to extend the time to file a proof of claim, this Court can only grant such a motion if it finds "that the notice [to the creditor of the deadline to file a proof of claim] was insufficient to give the creditor a reasonable time to file [the proof of claim]." Here, the record shows that Mr. Washington had notice of the bankruptcy case in time to file a proof of claim by February 10, 2025, because on February 5, 2025 (five days before the deadline for filing claims) he filed a notice of appearance. So, he knew of Leonard Johnson's bankruptcy filing and the case number, and he could have filed a proof of claim on time. He didn't do so.

Consequently, *even if* Mr. Washington were to file a motion to extend the deadline for him to file a proof of claim, under the Bankruptcy Rules of Procedure (9006 and 3002(c)(7)), this Court could not grant it.

(4) Although Affiliated Legal Services, P.L.L.C. is listed in Leonard Johnson's Schedule E/F as having an unsecured claim (in an unknown amount) and "Jimmie E. Washington" is the name that appears as the "attention of" party for that entity (ECF No. 23, p. 21), this does not "make" Mr. Washington a creditor.

"Corporate separateness" is a fundamental legal precept. As applied here, it means that Leonard Johnson's listing of Affiliated Legal Services, P.L.L.C. on Schedule E/F does not somehow make Mr. Washington a "creditor" of Leonard Johnson in his bankruptcy case. Moreover, neither Affiliated Legal Services, P.L.L.C. nor Mr. Washington timely filed a proof of claim in Leonard Johnson's Chapter 13 case. Consequently, both Affiliated Legal Services, P.L.L.C. and Mr. Washington are ineligible to receive any distributions in this case. Neither has any pecuniary interest or "stake" in this case.

(5) The Court rejected Mr. Washington's argument that "party in interest" is such an expandable concept that it should enable him to pursue his objection to the Association's Claim. *In re Morton*, 298 B.R. 301, 306-307 (6th Cir. BAP 2003) (and the cases cited therein) recite that the "expandable concept" of "party in interest" has been interpreted to include a party with an actual "pecuniary interest" in the case, with a practical stake in the outcome of the case, or who will be impacted in any significant way in the bankruptcy case. Mr. Washington does not satisfy those criteria. He did not timely file a proof of claim in Leonard Johnson's Chapter 13 case and, therefore, he is ineligible to receive any distribution in this case. Further, Mr. Washington has admitted that he does not have any pecuniary interest in Leonard Johnson's case.

At the conclusion of the April 10, 2025 hearing, this Court held that: (i) under the *Rooker-Feldman* doctrine, this Court lacked subject matter jurisdiction to "relitigate" the portions of the Claim Objection that deal with Mr. Washington's "grievances" with the State Court Litigation, and (ii) *even if* the Court did not lack jurisdiction under the *Rooker-Feldman* doctrine, Mr. Washington lacked standing to object to the Association's Claim.

9

Consequently, this Bankruptcy Court denied/overruled Mr. Washington's objection to the Association's Claim. An order to that effect was entered on April 14, 2025 (ECF No. 67).

### F. The Association's Motion for Sanctions

On May 1, 2025, the Association filed a Motion for Sanctions[4] against Mr. Washington ("Sanctions Motion"; ECF No. 71) arguing that Mr. Washington's tactics were improper and caused the Association to incur $9,720.00 in legal fees and, consequently, this Court should impose sanctions against Mr. Washington under Fed.R.Bankr.P. 9011, 28 U.S.C. § 1927, and the Court's inherent authority.

On May 14, 2025, Mr. Washington filed a response to the Sanctions Motion ("Sanctions Response"; ECF No. 73) in which Mr. Washington: (i) *again* asserts that Mr. Neuman made false statements or committed wrongdoings in the State Court Litigation, (ii) contends that Mr. Neuman did not comply with the 21-day safe harbor requirements of Fed.R.Bankr.P. 9011, and (iii) argues that sanctions are not warranted under 28 U.S.C. § 1927. Mr. Washington did not address sanctions under the Court's inherent powers.

On June 1, 2025, the Association filed a Reply Brief in support of the Sanctions Motion ("Reply"; ECF No. 81).

On June 5, 2025, the Court held a hearing on the Sanctions Motion; that hearing lasted more than one hour ("Sanctions Hearing"). At the beginning of the Sanctions Hearing, Mr. Neuman sought additional sanctions for legal fees of $3,044 incurred since filing the Sanctions Motion. By the time the Sanctions Hearing concluded, Mr. Neumann had been in Bankruptcy Court for approximately five hours on June 5, 2025 and, consequently, there was discussion of additional sanctions (at the rate of $400.00/hour, for an additional $2,000.00 in sanctions).

At the conclusion of the Sanctions Hearing, this Court issued its oral bench ruling imposing sanctions against Mr. Washington (and awarding them in favor of the Association) in the total amount of $10,000.00, consisting of $5,000.00 in

---

[4] Despite the Court's April 10, 2025 ruling that Mr. Washington's failure to timely file a proof of claim means that he (Mr. Washington) is *not* a creditor in this Chapter 13 case, the Sanctions Motion recites that it is "Against Creditor Jimmie Washington." The Association's word usage in the Sanctions Motion does not, however, diminish or change the Court's ruling that Mr. Washington *is not* a creditor in this Chapter 13 case.

sanctions for his actions in Leonard Johnson's bankruptcy case (Case No. 24-51353), and $5,000.00 for his actions in Rahjinah Johnson's bankruptcy case (Case No. 24-51360). The Court's oral bench ruling stated its findings and reasoning on the record, as follows:

(1) Sanctions were denied under Fed.R.Bankr.P. 9011 because Mr. Neuman failed to comply with the "safe-harbor" provision contained in Fed.R.Bankr.P. 9011(c)(2)(B), and Sixth Circuit precedent requires compliance with the "safe-harbor" provision as a predicate to imposing sanctions under Fed.R.Bankr.P. 9011. *See, e.g.*, *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014).

(2) Sanctions under 28 U.S.C. § 1927 were appropriate. 28 U.S.C. § 1927 authorizes the Court to "assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). In other words, the Court need not make a finding of "bad faith" on the part of Mr. Washington in order to impose sanctions against him pursuant to 28 U.S.C. § 1927.

Instead, the "test" is as follows: "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

"The imposition of sanctions pursuant to Section 1927 'require[s] a showing of something less than subjective bad faith, but something more than negligence or incompetence. Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings.'" *In re Blasingame*, 709 F. App'x 363, 370 (6th Cir. 2018) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)).

Here, the record shows (indeed, at the April 10, 2025 hearing on the Claim Objection Mr. Washington admitted) that:

(i) He (Mr. Washington) has never represented Leonard Johnson in this bankruptcy case, and had not been retained to file the Claim Objection on behalf of Leonard Johnson.

(ii) Although he filed an appearance in Leonard Johnson's bankruptcy case prior to the claims bar date, Mr. Washington failed to file a proof of claim in this bankruptcy case, yet then proceeded to file the Claim Objection, even though he (Mr. Washington) had no pecuniary interest in the outcome of the Claim Objection.

(iii) Although the Claim Objection contained numerous grievances/attacks on the Association and its counsel, Mr. Neuman, he (Mr. Washington) knew that the *Rooker-Feldman* doctrine applies to this scenario and that this Bankruptcy Court (as a lower federal court) lacks jurisdiction to entertain or re-litigate issues that were litigated in the state court proceeding.

Consequently, the Court found that Mr. Washington knew or reasonably should have known that, due to the *Rooker-Feldman* doctrine, this Court lacked subject matter jurisdiction to review the State Court Judgment or any of his (Mr. Washington's) complaints about what happened in the State Court Litigation, or Mr. Neuman's conduct therein, and that it was unreasonable and frivolous for him (Mr. Washington) to file and pursue the Claim Objection, and that his doing so unreasonably and vexatiously multiplied the proceedings in this bankruptcy case (and in the bankruptcy case of Rahjinah Johnson (Case No. 24-51360)), all while ratcheting up the legal fees incurred by the Association in defending against his actions in this Court.

The Court also found that Mr. Washington's pursuit of the Claim Objection (*even though* he did not represent Leonard Johnson in this bankruptcy case, and *even though* he (Mr. Washington) had not filed a proof of claim in Leonard Johnson's bankruptcy case) was unreasonable, and vexatiously multiplied the proceedings in Leonard Johnson's Chapter 13 case, because Mr. Washington lacked standing to pursue the Claim Objection.

> Therefore, the Court determined to impose sanctions under 28 U.S.C. § 1927.

(3) The Court declined to impose sanctions under its inherent powers. The imposition of sanctions under the Court's inherent powers "*requires* a finding of bad faith or of conduct 'tantamount to bad faith.'" *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir.2003)).

To impose sanctions under its inherent powers, "a district court must find [1] that 'the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose such as harassment.'" *Id.* (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)).

While "bankruptcy courts enjoy the same inherent authority invested in all Article III courts to sanction parties for improper conduct," *In re Gorges*, 590 B.R. 771, 791 (Bankr. E.D. Mich. 2018) (quoting *Lowe v. Ransier (In re Nicole Gas Prod., Ltd.)*, 581 B.R. 843, 855 (6th Cir. BAP 2018)), and while the record supports that Mr. Washington knew or should have known that the Claim Objection was an unreasonable pursuit that vexatiously multiplied litigation, the Court was already imposing sanctions under 28 U.S.C. § 1927 and, therefore, determined not to delve into Mr. Washington's motivation.

Consequently, the Court determined *not* to impose sanctions under its inherent powers.

### G. Mr. Washington's Objection to the Proposed Sanctions Order

On June 6, 2025, Mr. Neuman filed a Notice of Presentment of Order Granting Motion for Sanctions Against Creditor Jimmie Washington ("Proposed Sanctions Order"; ECF No. 85).[5]

On June 12, 2025, Mr. Washington filed an objection to the Proposed Sanctions Order ("Objection to Order"; ECF No. 96), asserting that the Proposed

---

[5] Again, Mr. Neuman's use of the words "Creditor Jimmie Washington" in the Proposed Sanctions Order does not diminish or change the Court's ruling that Mr. Washington *is not* a creditor in this Chapter 13 case, or a party in interest.

Sanctions Order "lacks specificity."  Mr. Washington also objected to language in the Proposed Sanctions Order requiring that the sanctions be paid within 21 days after entry of the order awarding/imposing them.

Mr. Washington claims that, because the Proposed Sanctions Order (presented by Mr. Neuman) uses the words "Creditor Jimmie Washington", the Proposed Sanctions Order is inconsistent with the Court's April 10, 2025 ruling that he, Mr. Washington, is *not* a creditor in this bankruptcy case.

On June 26, 2025, the Court held a hearing on the Proposed Sanctions Order and Mr. Washington's Objection To Order.  That hearing lasted approximately 45 minutes.  During that hearing: (i) Mr. Washington agreed that the order imposing sanctions should require the sanctions to be paid within a specific period of time, and he agreed that 21 days was an appropriate period, and (ii) Mr. Neuman agreed that it would be acceptable for the order awarding sanctions to recite that sanctions were awarded/imposed in the total amount of $10,000.00, with $5,000.00 in sanctions awarded/imposed in Leonard Johnson's bankruptcy case (Case No. 24-51353) and $5,000.00 in sanctions awarded/imposed in Rahjinah Johnson's bankruptcy case (Case No. 24-51360).

At the conclusion of the June 26, 2025 hearing, the Court stated that it would prepare the order awarding/imposing sanctions.

### *Analysis Regarding Proposed Sanctions Order and Mr. Washington's Objections Thereto*

Mr. Neuman's wording of the Proposed Sanctions Order, designating Jimmie Washington a "creditor", is inconsistent with the Court's prior rulings that Mr. Washington is neither a creditor nor a party in interest in this bankruptcy case.  Mr. Washington's assertion that this language in Mr. Neuman's Proposed Sanctions Order somehow constitutes this Court's *reversal* of its prior findings or rulings is without merit.

The Court will prepare an order that deletes any reference to Mr. Washington being a creditor.

At the June 26, 2025 hearing, Mr. Washington agreed that the order imposing sanctions should require that sanctions be paid within 21 days.  Thus, he waived his objection on this issue.

Also at the June 26, 2025 hearing, Mr. Washington explained that he would like the order to state that sanctions were awarded/imposed in the total amount of $10,000.00, with $5,000.00 in sanctions awarded in Leonard Johnson's bankruptcy case (Case No. 24-51353) and $5,000.00 in sanctions awarded in Rahjinah Johnson's bankruptcy case (Case No. 24-51360). Mr. Neuman agreed to that language on the record at that hearing. Consequently, the Court will include that language in the order awarding sanctions.

In response to Mr. Washington's objection asserting that the Proposed Sanctions Order "lacks specificity", this Court will incorporate this opinion into the order granting sanctions so as to provide additional specificity.

The Court will enter an order consistent with this opinion (i) awarding sanctions to the Association in the total amount of $10,000.00, consisting of $5,000.00 in sanctions in Leonard Johnson's bankruptcy case (Case No. 24-51353), and $5,000.00 in Rahjinah Johnson's bankruptcy case (Case No. 24-51360), (ii) imposing those sanctions against Mr. Washington, (iii) requiring that said sanctions be paid within 21 days after entry of the order, and (iv) requiring that payment must be made to River Park Place Condominium Association in care of its counsel, Mr. Neuman.

**Signed on July 11, 2025**

/s/ Lisa S. Gretchko
_____
**Lisa S. Gretchko**
**United States Bankruptcy Judge**

15

24-51353-lsg    Doc 125    Filed 07/11/25    Entered 07/11/25 11:03:18    Page 15 of 15